**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-4163**

———————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

KAMAU SUVINER WRIGHT,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. Louise W. Flanagan, District Judge. (4:07-cr-00002-FL-2)

———————

Submitted: November 13, 2015      Decided: November 30, 2015

———————

Before SHEDD and AGEE, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kamau Suviner Wright appeals the district court's order revoking his supervised release and imposing a 32-month term of imprisonment. Wright claims that his sentence is plainly unreasonable because the district court failed to address arguments raised at sentencing and did not adequately explain the chosen sentence. We affirm.

Because Wright did not raise this issue in the district court, our review is for plain error. See United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). Under plain error review, Wright must show that the court erred, the error was clear or obvious, and the error affected his substantial rights. Id. at 640-41. Even if Wright meets this burden, "we retain discretion whether to recognize the error and will deny relief unless the . . . error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 641 (internal quotation marks and alteration omitted).

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." Id. at 640. We "will affirm a revocation sentence if it is within the statutory maximum and is not 'plainly unreasonable.'" Id. (quoting United States v. Crudup, 461 F.3d 433, 438 (4th Cir.

2

2006)).[1]  "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all."  United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010).  "This initial inquiry takes a more deferential posture concerning issues of fact and the exercise of discretion than reasonableness review for guideline sentences."  United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted).  We will affirm if the sentence is not unreasonable.  Crudup, 461 F.3d at 439.  Only if a sentence is found procedurally or substantively unreasonable will we "decide if it is plainly unreasonable."  Id.

A revocation sentence is procedurally reasonable if the district court expressly considered the Chapter Seven policy statement range and the applicable statutory sentencing factors.  Crudup, 461 F.3d at 440.  A revocation sentence is substantively reasonable if the court stated a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum.  Id.  "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still 'must provide

---

[1] Wright does not contend that the 32-month sentence was above the statutory maximum.  We note that the maximum sentence that could have been imposed was five years.

3

a statement of reasons for the sentence imposed.'" United States v. Thompson, 595 F.3d at 547 (quoting United States v. Moulden, 478 F.3d at 657).

Here, the court properly calculated a policy statement range of 30-37 months and imposed a sentence within that range. Although the court did not specifically address mitigating factors when imposing sentence, those factors were discussed at sentencing during the court's colloquy with both defense counsel and Wright. A court need not directly address each of a defendant's arguments at sentencing. See Rita v. United States, 551 U.S. 338, 356 (2007). The court took note of Wright's long history of drug offenses and observed that he had committed a Grade A release violation. The court also stated that Wright's repeated criminal conduct while on release constituted a breach of the court's trust. Finally, the court stated that it had taken into consideration statutory sentencing factors, including the need to afford adequate deterrence and promote respect for the law.[2]

---

[2] Wright correctly states that promoting respect for the law is not among those sentencing factors to be considered when imposing a revocation sentence. See 18 U.S.C. §§ 3583(e), 3553(a)(2)(A). However, considering this non-enumerated factor does not constitute plain error requiring resentencing. We have found that, "[a]lthough § 3583(e) enumerates the factors a district court should consider when formulating a revocation sentence, it does not expressly prohibit a court from referencing other relevant factors omitted from the statute." (Continued)

4

We conclude that the 32-month revocation sentence was not plainly unreasonable. Accordingly, we affirm. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

United States v. Webb, 738 F.3d at 641. Thus, if the revocation sentence is not predominately based on non-enumerated factors, "mere reference to such considerations does not render a revocation sentence procedurally unreasonable when those factors are relevant to, and considered in conjunction with, the enumerated § 3553(a) factors. Id. at 642. Given the court's reliance on other, permitted statutory factors, we find no plain error in the court's consideration of the need for the sentence to promote respect for the law.